UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RA'MAR DANIELS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:19-cv-01048-JRS-MPB ) |
| DUSHAN ZATECKY, | ) ) ) |
| Respondent. | ) |

**Order Granting Unopposed Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Ra'mar Daniels petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number MCF 11-04-0071. The Warden has not responded to the Court's order to show cause.[1] For the reasons explained in this Order, Mr. Daniels' habeas petition is **GRANTED**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); see also *Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

---

[1] After receiving two extensions of time, the Warden's deadline for answering the show cause order was August 19, 2019. Dkt. 13. The Warden did not submit a return or ask for a third extension of time, even after Mr. Daniels filed a motion requesting a default judgment. Dkt. 14.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## B. Disciplinary Proceeding

Mr. Daniels was charged with violating Indiana Adult Disciplinary Code 204-Abusive Sexual Contact on April 7, 2011. Dkt. 1, p. 1; dkt. 6-1. He was found guilty and received a deprivation of 15 days earned credit time and a demotion in credit class. *Id.* There is no conduct report or description of the alleged offense in the record. The only evidence before the Court, aside from Mr. Daniels' verified petition, is a disciplinary hearing report that states Mr. Daniels admitted guilt at a hearing on April 14, 2011. *Id.*

Mr. Daniels alleges that no disciplinary hearing ever took place. He claims the hearing officer told him the charge would be dismissed for lack of evidence and instructed him to sign a blank disciplinary hearing form. After he signed the blank form, the hearing officer allegedly falsified the report outside Mr. Daniels' presence. Years later, Mr. Daniels learned the disciplinary violation had not been dismissed, and he had been found guilty.

## C. Analysis

Mr. Daniels asserts two grounds for relief in support of his petition for a writ of habeas corpus, which the court restates as: (1) the evidence is insufficient to support his conviction; and (2) he was convicted without a disciplinary hearing. Because the Court finds ground two meritorious, it need not discuss ground one.

States may not deprive prisoners of earned credit time or demote them to a lower credit-earning class without providing some kind of hearing. *Wolff*, 418 U.S. at 558. A prisoner's due process rights to receive adequate notice, present evidence, appear before a neutral decision-maker,

and receive a report of the decision-maker's findings all rest on the premise that a hearing will actually be held. *Id.* at 563-67.

The undisputed evidence in this case is that a hearing was not held. Mr. Daniels was fraudulently induced to sign a blank disciplinary hearing form, which the hearing officer later falsified outside his presence. These are incendiary allegations, yet the Warden makes no effort to rebut them. Consequently, the Court accepts the facts alleged in Mr. Daniels' verified petition as true and grants his petition for relief.

### D. Conclusion

For the foregoing reasons, Mr. Daniels' petition for a writ of habeas corpus, dkt [1], is **granted**. Mr. Daniels' motion to dismiss, which the Court construes as a motion for default judgment, dkt. [14], is **denied as moot**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 12/31/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RA'MAR DANIELS
104542
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov